WATCHMAN, The (BENJAMIN v.). See Case No. 1,305.

WATERBOROUGH (UNITED STATES v.). See Case No. 16,648.

## Case No. 17,252.

WATERBURY et al. v. LAREDO et al.

[3 Woods, 371.] [1]

Circuit Court, W. D. Texas. Nov. Term, 1879.

REMOVAL OF CAUSES — ASSIGNMENT TO NONRESIDENT.

Where a contract between citizens of the same state—even though the contract is neither

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

a promissory note, negotiable by the same merchant, nor a bill of exchange—has been assigned by one of the parties to the same to a citizen of another state, who has brought suit thereon in a court of the state of which the defendant is a citizen, the suit may be removed to the United States circuit court of the proper district by virtue of the act of March 3, 1875 (18 Stat. 470).

[Cited in Rosenblatt v. Reliance Lumber Co., 18 Fed. 707.]

From the transcript of the record filed in this case, it appeared that the suit was brought in the district court of Webb county, Texas, on October 10, 1878. The cause of action arose out of certain contracts alleged to have been made by and between Edmund J. Davis and the city of Laredo, by virtue of which the latter, as was claimed, became indebted to the former. It further appeared that Davis was a citizen of the state of Texas, and that he had transferred and assigned to Waterbury & Co., citizens of the state of New York, all his rights and interests, legal and equitable, growing out of said contracts. The defendants were all citizens of the state of Texas. At the October term, 1879, of said district court (which was the first term at which the suit could be tried), the plaintiffs filed their petition, alleging that they were citizens of the state of New York, and praying a removal of the case into the proper circuit court of the United States. On their giving the necessary bond, the district court of Webb county ordered the removal of the case to this court, and the record of the proceedings of the state court was filed here on November 3, 1879. The defendants thereupon moved the United States circuit court to remand the cause on the ground that this court had no jurisdiction over it, resulting from the fact that the plaintiffs were assignees of a chose in action from Davis, who, being a citizen of Texas, could not himself have brought this suit in the circuit court of the United States.

Jacob Waelder, for the motion.

Edmund J. Davis, contra.

DUVAL, District Judge. This case has been removed here under the provisions of the act of congress of March 3, 1875, entitled "An act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes." 18 Stat. 470. Section 1 of the act of 1875 provides, among other things: "That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states," etc.. The original cognizance, however, given by this section is subject to the following limitation:

"Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes, negotiable by the law merchant, and bills of exchange." By section 11 of the judiciary act of 1789 (1 Stat. 73) the exception was confined to "foreign bills of exchange:" - That the indebtedness of the city of Laredo to Davis, growing out of the alleged contracts, is a chose in action, there is no doubt. It is equally clear that Davis himself, being a citizen of the state of Texas, could not have sued the defendants, citizens of the same state, in the circuit court of the United States, nor could the plaintiffs, as his assignees, have done so. In either case the original jurisdiction, or the power to take cognizance of such a suit, if commenced in the circuit court, would have been wanting, under the limitation quoted above. But the question now is, whether, if the case has been removed into this court, as provided for and allowed by the act of March 3, 1875, the jurisdiction to hear and determine it does not attach? The case Bushnell v. Kennedy, decided by the supreme court of the United States in 1869 (9 Wall. [76 U. S.] 387), was one from which it appears that the cause of action was an indebtedness of Bushnell, a citizen of the state of Connecticut, to Mills & Frisby, who are citizens of Louisiana, and that it was a chose in action. Mills & Frisby assigned all their claim to Kennedy & Co., also citizens of Louisiana, who sued Bushnell in the third district court of New Orleans, by whom the case was removed into the circuit court of the United States for the district of Louisiana. The circuit court remanded the case to the state court, for want of jurisdiction. The supreme court of the United States held that this was an error—that while the circuit court would not have had original cognizance of the case, had the suit been commenced therein, by reason of the limitation contained in the eleventh section of the judiciary act of 1787, that still, as Bushnell had the right, under the twelfth section of the same act (he being the defendant and a citizen of Connecticut), to remove the case, this removal gave the circuit court jurisdiction. The case of City of Lexington v. Butler, 14 Wall. [81 U. S.]. 282, was one of removal from a state court, under the provisions of the act of congress of 1867. But it fully recognizes and sustains the principle established in the case of Bushnell v. Kennedy, supra. In fact, it directly refers to that case as removing all doubt upon the subject. Mr. Justice Clifford, in delivering the opinion of the court, says: "Suits may properly be removed from a state court, into the circuit court, in cases where the jurisdiction of the circuit court, if the suit had been originally commenced there, could not have been sustained, as the twelfth section of the judiciary act does not contain any such restriction as that in the eleventh section of the act defining the original jurisdiction of the circuit courts." So, in like manner, the second

section of the act of 1875, supra, contains no such restriction as is found in the first section. It provides that "in any suit of a civil nature, at law or in equity, brought in any state court, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and in which there shall be a controversy between citizens of different states, either party may remove the same into the proper circuit court of the United States." Judge Dillon, in a recent treatise on "Removal of causes from state to federal courts," says: "It should be borne in mind that, in cases removed from the state courts, the jurisdiction of the circuit court is dependent upon the act under which the suit is removed, and not upon the legislation which confers jurisdiction upon that court in cases originally brought therein; and therefore the restrictions on the jurisdiction in the eleventh section of the judiciary act have no application to cases removed under the twelfth section of that act." And so, I apprehend that the restrictions on the jurisdiction of the circuit court contained in the first section of the act of 1875, have no application to cases removed under the provisions of the second and third sections of the same act. See, also, Barclay v. Levee Commissioner [Case No. 977]; Gaines v. Fuentes, 92 U. S. 10. It seems to me that, under the decisions cited, this court has jurisdiction to hear and determine the cause in question. The motion to remand is refused.