ROSENBLATT *v.* RELIANCE LUMBER Co.[1]

(*Circuit Court, E. D. Texas.* November, 1883.)

JURISDICTION—REMOVAL ACT OF 1875.

    The second and following sections of the removal act of 1875, (18 St. 470,) which provide for the removal of certain suits from the state courts to the circuit courts of the United States, are not controlled by the clause of the first section of that act prohibiting the circuit court from taking cognizance of any suit founded on a contract in favor of an assignee.

    *Berger* v. *Com'rs,* 5 FED. REP. 23, and *Hardin* v. *Olson,* 14 FED. REP. 705, not followed.

    *Waterbury* v. *Laredo,* 3 Woods, 371, approved.

    *Bushnell* v. *Kennedy,* 9 Wall. 387, and *City of Lexington* v. *Butler,* 14 Wall. 282, followed.

On Motion to Remand.

Meyer Rosenblatt, a citizen of Missouri, brought suit against Mark Weiss and other citizens of Texas, composing the Reliance Lumber Company, in the district court of Jefferson county, Texas, and alleged that the defendants were indebted to him in the sum of $5,376.64, being the amount of several bills of exchange drawn by defendants on one Samson Heidenheimer, a merchant doing business in Galveston, Texas, in favor of various persons, which said bills were paid by said Heidenheimer for the accommodation of defendants, who had no funds in the hands of said Heidenheimer; also in the further sum of $1,000, being a sum of money sent by said Heidenheimer to said defendants, at their request and on their promise to pay; also in the further sum of $1,120.16, the amount of two certain bills drawn by defendants on other parties, and for value delivered to said Heidenheimer, which said bills were refused acceptance by the drawees; and also in the further sum of $1,583.85, for goods sold and delivered to said defendants by said Heidenheimer,—all of which sums were subject to certain credits, as set forth in an exhibit attached to and made part of the petition, and which credits reduced the amounts alleged to be due on account of all transactions to $1,583.85, as the court understands the involved pleading setting forth plaintiff's demands. And plaintiff alleged that said Heidenheimer had for value assigned said bills, claims, and account to plaintiff, who is the owner thereof, and is entitled to demand of and receive from defendants the several amounts due on account of the several transactions aforesaid.

To this petition defendants answered, denying indebtedness to Heidenheimer or to plaintiff, denying validity of assignment by Heidenheimer to plaintiff, and alleging that there existed during the transactions set forth a contract between Heidenheimer and themselves for time, credit, and advances, which contract Heidenheimer had violated,

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

to the great damage of defendants, for which they desired to recoup, wherefore they demanded that Heidenheimer should be made a party, and prayed for judgment against him.    Thereupon, on the same day the answer was filed, plaintiff filed his petition and bond for the removal of the case to this court, on the ground of citizenship, he being a citizen of Missouri and the defendants citizens of Texas.    The defendants ask to have the case remanded on the following grounds:

(1) Because plaintiff sues as the assignee of Heidenheimer, who is a resident citizen of Texas, upon an account, the same being a chose in action not negotiable, upon which no suit could have been brought in this court by the said assignor, Heidenheimer; (2) because, as shown by the pleadings, the cause is substantially a controversy between Heidenheimer, a citizen of Texas, and the defendants,—the said Heidenheimer being the real and substantial plaintiff, over against whom the defendants seek to recover damages in reconvention for breach of contract, and without whose presence as a party this suit cannot be fully determined; (3) because, from the face of the plaintiff's petition, and from the pleadings in the cause, it is apparent that this court is without jurisdiction in the premises.

*Albert N. Mills*, for plaintiff.

*Cleveland & Willie*, for defendants.

PARDEE, J.    The citizenship of Heidenheimer is first alleged in the motion to remand.    No proof has been offered on the subject, but both parties have argued this motion as though he were a citizen of Texas, and we will consider such citizenship to be an admitted fact in the case.    It is clear to us that if plaintiff is the *bona fide* assignee of the claims and demands against the defendants, he had the right to bring this suit in his own name in the state court.    It is also clear to us that if, as such assignee, after bringing suit in the state court, he had a right to remove the suit, on account of citizenship of the parties, to this court, such right could not be prejudiced by the character of the defense to the suit, nor by any right defendants might have in the state court under the state practice to make plaintiff's assignor a party and recoup against him in damages.    The plaintiff could have removed the case, if he otherwise had the right, before defendants had entered any appearance in the case.    And this right to remove, if he had any, only expired as to time at the term at which the cause could have been first tried.    Nor does it seem to us that by the removal the defendants have been deprived of any defense or right which they could have made or would have had if the case had remained in the state court.

The validity of the assignment is attacked in the answer, and the collusion of the plaintiff and Heidenheimer to make a case for this court is charged in the argument, but there is no proof in the case, nor any showing by the pleadings, to warrant the present consideration of the question.    Section 5 of the act of March 3, 1875, under which act the case was removed, vests the court with authority to act upon such an issue at any stage of the suit.    The plaintiff has laboriously declared upon certain checks or drafts for the payment of

money, mostly drawn on Heidenheimer by defendants, and also upon an account for money advanced and forwarded, and also upon an open account for goods sold and delivered, but all of the matters sued on seem to be embraced in the account attached to the petition, where all drafts are charged, and where credits are given and a balance struck, so that it seems to us that the present suit is one brought on an open account, and is not to be taken in anywise as a suit upon negotiable paper, either promissory notes or bills of exchange.

The question as made by the motion to remand is then reduced to one of jurisdiction. The first section of the act of March 3, 1875, contains this provision: "Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in said court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law-merchant, and bills of exchange"— and the point is whether this provision controls the second and other sections of the same act, which provide for the removal of certain suits from the state courts to the circuit courts of the United States.

Our attention has been called to the following adjudicated cases on this precise point. In *Berger* v. *Co. Com'rs*, 5 Fed. Rep. 23, decided by Judge McCrary, in the eighth circuit, it was held that the various sections of the act should be construed together as *in pari materia*, and that the jurisdictional restriction or limitation of the first section should be applied in removed cases the same as in cases originally brought in the circuit courts of the United States. And Judge Mc-Crary shows very clearly that unless this is so any case on contract between citizens of the same state may be brought into the federal courts by means of an assignment, and the preliminary use of a state court; in other words, that the court may acquire jurisdiction indirectly in cases where it is forbidden directly. This decision was followed by *Hardin* v. *Olson*, 14 Fed. Rep. 705. In *Waterbury* v. *Laredo*, 3 Woods, 371, decided in this circuit, Judge Duval held that the sections of the act of 1875 relating to removals of suits were independent of the jurisdictional limitation aforesaid, and that a suit might, under the act of 1875, be brought within the jurisdiction of the federal court by removal from a state court, although the suit, as an original suit, could not have been prosecuted in such court.

Were these all the cases bearing on this point, we should be disposed to follow *Berger* v. *County Com'rs, supra*, as better construction of the act aforesaid; but we find on examination that very nearly the exact question arose under the judiciary act of 1789, as between the eleventh and twelfth sections thereof, and the supreme court held, in *Bushnell* v. *Kennedy*, 9 Wall. 387, that the restriction upon suits when sought to be brought in a circuit court, as contained in the eleventh section of the judiciary act, not being found in the twelfth section of the act, which provides for the removal of suits, has no application to suits transferred under the latter section from state

courts to United States circuit courts. And in *City of Lexington* v. *Butler*, 14 Wall. 282, the court said, referring to *Bushnell* v. *Kennedy*, "all doubt upon the subject is removed," etc.

The reasoning applied to the judiciary act in this matter of jurisdiction is just as applicable to the act of 1875. It is true that the act of 1875, construed in this way, may be abused in a manner that was not applicable to the judiciary act. Under the latter, the plaintiff might take an assignment and bring his suit in the state court; but until the act of 1867 he was powerless to remove the case, for the defendant only could remove, while under the act of 1875 the plaintiff may remove his suit after seeking the jurisdiction of the state court. And yet it is to be noticed that section 5 of the act seems to contemplate just such an abuse as probable, for, going beyond any previous legislation on the subject, it provides for the remanding or dismissal of all removed cases that at any time appear to the satisfaction of the court to involve a dispute or controversy not within the jurisdiction of the court, or appear to be cases where the parties have been improperly or collusively made or joined for the purpose of creating a case removable under the act.

Considering that the weight of authority is in favor of the jurisdiction of the court in this case, we feel constrained to deny the motion to remand; and such order will be entered.

MORRILL, J., concurs.